**DCOURT OF CHANCERY
OF THE
STATE OF DELAWARE**

KATHALEEN ST. JUDE MCCORMICK
CHANCELLOR

LEONARD L. WILLIAMS JUSTICE CENTER
500 N. KING STREET, SUITE 11400
WILMINGTON, DELAWARE 19801-3734

February 29, 2024

Michael Hanrahan
Stacey A. Greenspan
Corinne Elise Amato
Kevin H. Davenport
Christine N. Chapplear
Prickett, Jones, & Elliott, P.A.
1310 N. King Street
Wilmington, DE 19801

Edward B. Micheletti
Lauren N. Rosenello
Michelle L. Davis
Peyton V. Carper
Claire K. Atwood
Skadden, Arps, Slate, Meagher & Flom LLP
920 N. King Street
Wilmington, DE, 19801

> Re: *Sjunde AP-fonden v. Activision Blizzard, Inc., et al.*
> C.A. No. 2022-1001-KSJM

Dear Counsel:

This letter addresses Defendants' motion to dismiss Plaintiff's claim under 8 *Del. C.* § 251(c)(7) for a copy of the Merger Agreement, the Microsoft Defendants' motion to dismiss, and Plaintiff's motion for partial summary judgment.[1]

## Plaintiff's Section 251(c)(7) Claim

Section 251(c)(7) provides that "in lieu of filing the agreement of merger . . . the surviving or resulting corporation may file a certificate of merger or consolidation . . . which states . . . that a copy of the agreement of consolidation of merger will be

---

[1] This letter uses the defined terms set forth in the Memorandum Opinion resolving Defendants' motion to dismiss. C.A. No. 2022-1001-KSJM, Docket ("Dkt.") 125.

furnished by the surviving or resulting corporation, on request and without cost, to any stockholder of any constituent corporation."[2]

Plaintiff claims that Defendants failed to produce an agreement of merger to plaintiff as required by Section 251(c)(7).[3] Plaintiff asserted this claim before the merger closed.[4] Defendants argue that Section 251(c)(7) does not "require a constituent corporation in a merger . . . to provide a stockholder with a copy of the merger before the merger closes."[5]

On this point, my reading of Section 251(c) is consistent with Defendants' interpretation. When the surviving corporation opts to file a certificate of merger in lieu of the agreement of merger,[6] then the surviving corporation must provide a stockholder with a copy of the agreement of merger on request under Section 251(c)(7).[7] That obligation does not arise until after the surviving corporation files the certificate of merger, which is after the merger closes.

Before that time, the corporation can provide a "brief summary" of the merger agreement in lieu of the merger agreement for the purpose of seeking stockholder

---

[2] 8 *Del. C.* § 251(c)(7).

[3] Dkt. 87 at 46–47.

[4] Dkt. 97.

[5] Dkt. 102 at 34.

[6] 8 *Del. C.* § 251(c) (sixth sentence).

[7] 8 *Del. C.* § 251(c)(7).

approval.[8]  Perhaps a stockholder could obtain a full copy of the merger agreement through other mechanisms, like Section 220 of the DGCL.[9]  Plaintiff did not do that.

Plaintiff's Section 251(c)(7) claim, asserted before the merger closed, was not ripe.  It should be dismissed.  It could be re-pled.  But is seems pretty obvious that Plaintiff should be provided a copy of the Merger Agreement—the full agreement with all of its attachments.[10]  Defendants argue that Plaintiff's construction of Section 251(c)(7) is commercially unreasonable because it would "require the disclosure of proprietary of confidential information" and "immaterial information[.]"[11]  This court has held, however, that "the certificate of merger alternative was not designed to avoid disclosure of all merger terms to the stockholders of the constituent corporations."[12]  Rather, it was intended to "serve the dual purpose of avoiding the expense of filing a lengthy merger agreement and avoiding public disclosure of all the merger terms."[13]

Given this clear directive of Delaware law, Defendants have probably already mooted the issue, obviating the need to resolve this aspect of the motion to dismiss or

---

[8] 8 *Del. C.* § 251(c) (third sentence).

[9] 8 *Del. C.* § 220.

[10] *See generally Jackson v. Turnbull*, 1994 WL 174668, at *5 (Del. Ch. Feb. 8, 1994) ("[W]hen a certificate of merger is filed instead of the merger agreement itself, the surviving corporation must, among other things, furnish a copy of the agreement without charge to any stockholder upon request.").

[11] Activision Defs.' Opening Br. at 38.

[12] *Jackson*, 1994 WL 174668, at *5.

[13] *Id.*

for Plaintiff to replead anything; it is unclear based on the record before me. Please report on the status of this issue at your convenience. Meet and confer first, of course.

**The Microsoft Defendants' Motion To Dismiss**

The Microsoft Defendants argue that they are not the right defendants for any of the statutory claims (except maybe the Section 251(c)(7) claim, which this letter decision discusses separately). They advance a standing challenge. They further argue that Delaware law does not recognize a claim for aiding and abetting the statutory violations at issue. These are all interesting arguments that find various levels of support in Delaware law. But Plaintiff's statutory claims as to the Microsoft Defendants fails for the simple reason that Plaintiff did not allege that the Microsoft Defendants did anything at all in connection with the Section 251 and Section 141 issues, much less something wrong. That is because Section 251(b), the first three sentences of Section 251(c) at issue, and Section 141 all impose obligations on a board of directors or merging corporation to its own stockholders.[14] Although a merger sub is an actionable defendant for purposes of Plaintiff's Section 251 claim, Plaintiff is not a stockholder of the merger sub here. Plaintiff's claims under Section 251(b),

---

[14] *See generally City of N. Miami Beach Gen. Empls.' Ret. Plan v. Dr. Pepper Snapple Gp., Inc.*, 189 A.3d 188, 197 (Del. Ch. 2018) ("[T]his court has interpreted the term 'constituent corporations' to mean only those legal entities actually being combined in a transaction." (citing *In re Inergy L.P.*, 2010 WL 4273197, at \*10–11 (Del. Ch. Oct. 29, 2010) (finding that parent company was not a constituent corporation when the parent acquired the target through a merging subsidiary))); *see also Lewis v. Ward*, 2003 WL 22461894, at \*4 n.18 (Del. Ch. Oct. 29, 2003) (stating that the stockholders of a parent corporation of a merging subsidiary in a triangular merger "generally do not have the right to vote on the merger"), *aff'd*, 852 A.2d 896 (Del. 2004).

Section 251(c) (other than Section 251(c)(7)), and Section 141 as to the Microsoft Defendants are dismissed.

Plaintiff's conversion claim, though predicated on the statutory provisions, has greater traction against the Microsoft Defendants.[15] The Microsoft Defendants argue that Plaintiff failed to adequately plead conversion,[16] but I disagree. They also argue that Plaintiff failed to plead a predicate statutory violation,[17] but I rejected that argument in the Memorandum Opinion addressing the other aspects of the parties' motion to dismiss. The Microsoft Defendants' motion to dismiss Plaintiff's claim for conversion is denied.

## Plaintiff's Motion For Partial Summary Judgment

Plaintiff moved for summary judgment on its claims under Section 251(b), Section 251(c), and Section 251(d). I dismissed the claim under Section 251(d) and stated my view on Plaintiff's claim under Section 251(c)(7) in this decision. That leaves Plaintiff's motion as to Section 251(b) and the first three sentences of Section 251(c). The motion is denied.

---

[15] *See generally Tansey v. Trade Show News Networks, Inc.*, 2001 WL 1526306, at *7 (Del. Ch. Nov. 27, 2001) (entering summary judgment in favor of stockholder against all defendants, including the acquirer, on conversion claim due to statutory violations).

[16] Microsoft Defs.' Reply Br. at 12–14.

[17] *Id.*

"There is no right to a summary judgment."[18]  This court has refused requests for leave to file motions for summary judgment where such proceedings "are apt to waste, rather than conserve, the resources of the parties and the court."[19]  A trial court's decision to deny summary judgment is afforded great deference.[20]

I usually deny summary judgment, or leave to move for summary judgment, due to material disputed facts.  Here, I find the legal issues raised by the parties so nettlesome as to defy resolution on a cold paper record.  The parties did a good job briefing and arguing these issues, but I could benefit from further briefing argument on this topic, and potentially expert reports.  Plus, there is a lot left to litigate in this action; keeping these issues in the mix will result in only a minor incremental and not an undue burden.

IT IS SO ORDERED.

Sincerely,

*/s/ Kathaleen St. Jude McCormick*

Chancellor

cc:    All counsel of record (by *File & ServeXpress*)

---

[18] *Telxon Corp. v. Meyerson*, 802 A.2d 257, 262 (Del. 2002) (cleaned up); *Stone & Paper Invs., LLC v. Blanch*, 2020 WL 6373167, at *1 (Del. Ch. Oct. 30, 2020) (same).

[19] *Orloff v. Shulman*, 2007 WL 1862742, at *1 (Del. Ch. June 20, 2007).

[20] *Telxon*, 802 A.2d at 262 ("A trial court's denial of summary judgment is entitled to a high level of deference and is, therefore, rarely disturbed." (internal citations omitted)).